```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------
ADALGISA CONTRERAS,

                    Plaintiff,          11 Civ. 1179 (JGK)

       - against -                      MEMORANDUM OPINION
                                        AND ORDER
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
-------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Adalgisa Contreras, brought this petition pro se to overturn a final decision of the defendant, the Commissioner of Social Security, that the plaintiff was not entitled to Social Security Income ("SSI") and disability insurance benefits ("DIBs"). The defendant moves to remand the case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Commissioner concedes that the ALJ did not develop the record, and therefore the case should be remanded. However, the Commissioner contends that the plaintiff's right to benefits is not so clear that remand should be made solely for the calculation of the amount of benefits. The plaintiff opposes remand without explanation.

The plaintiff applied for SSI and DIBs on February 26, 2009. (R. 12.) Her application was denied on May 4, 2009. (R. 45-50.) After an August 19, 2009 hearing, an Administrative Law

Judge ("ALJ") denied the plaintiff's application on September 24, 2010. (Compl. ¶ 7; R. 12-19.) The ALJ's decision became final after it was affirmed by the Appeals Council on December 22, 2010. (Compl. ¶ 8; R. 1-4.) This appeal followed.

## I.

The administrative record contains the following facts relevant to this motion. The plaintiff alleges that she became disabled on June 1, 2007. (R. 12.) Her alleged disabilities include HIV, depression, and a birth defect that limits the use of her right hand. (Compl. ¶ 4; R. 34.) The plaintiff receives treatment at Morris Heights Clinic from Dr. Enahoro, her primary care physician, and from Frank Pena, her social worker. (R. 125.)

## II.

Pursuant to the fourth sentence of 42 U.S.C. § 405(g), a court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." See Shalala v. Schaefer, 509 U.S. 292,

297 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).[1] Although an ALJ's assessments of credibility are entitled to deference, a court may remand a case for further evidentiary proceedings if the record indicates that the ALJ committed legal error, or if the record does not contain substantial evidence to support the ALJ's decision.  See Burgess v. Astrue, 537 F.3d 117, 127-28 (2d Cir. 2008).  Substantial evidence is "more than a mere scintilla"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Burgess, 537 F.3d at 128.  When reviewing the record for substantial evidence, a court will consider the record as a whole, meaning that the court "will not look at that evidence in isolation but rather will view it in light of other evidence that detracts from it."  Campos ex rel. Cruz v. Barnhart, No. 01 Civ. 10005, 2003 WL 21243036, at *4 (S.D.N.Y. May 28, 2003) (citing State of New York v. Sec'y of Heath & Human Servs., 903 F.2d 122, 126 (2d Cir. 1990)); see also Burgess, 537 F.3d at 128.

In a proceeding to determine whether a claimant is disabled, regulations require the ALJ affirmatively to develop

---

[1] Final determination of the Commissioner with respect to DIBs is subject to judicial review pursuant to 42 U.S.C. § 405(g).  That section also applies to final determinations of SSI claims pursuant to 42 U.S.C. § 1383(c)(3).

the administrative record. Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982). "This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination," Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (citing 20 C.F.R. §404.1512(d)-(f)), and exists "regardless of whether the claimant is represented by counsel." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000). Where, as here, the claimant appears pro se, "the ALJ is under a heightened duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Echevarria, 685 F.2d at 755 (internal quotation marks omitted). Even absent this heightened duty, an ALJ must make an initial request for medical records from the claimant's medical source and a second request if the records are not received. 20 C.F.R. §§ 404.1512(d)(1), 416.912(d)(1).

"When there are gaps in the administrative record . . . [the Court of Appeals has], on numerous occasions, remanded to the Commissioner for further development of the evidence." Pratts, 94 F.3d at 39 (alteration omitted). In Pratts, the Court of Appeals, noting the incomplete medical record, vacated an ALJ's denial of a disability benefits for lack of substantial evidence. Id. at 38. Missing from the record were portions of the transcribed testimony of the claimant's doctor, treatment

4

notes from the claimant's social worker, and parts of the claimant's medical records.  Id. at 38.

The opinion of a claimant's treating physician is evidence that an ALJ must consider when determining whether the claimant is disabled.  See 20 C.F.R. § 404.1527(d)(2), 20 C.F.R. § 416.927(d)(2); see also Shaw, 221 F.3d at 131 (discussing the "treating physician rule").  Great weight is traditionally accorded to the medical opinions of the claimant's treating physician.  Shaw, 221 F.3d at 131.

In view of the gaps in the administrative record, the Court cannot determine whether the plaintiff was entitled to disability benefits.  The plaintiff's alleged disabilities include HIV, depression, and a birth defect that limits the use of her right hand.  (Compl. ¶ 4; R. 34.)  Here, as in Pratts, the absence from the record of the treatment notes of the plaintiff's treating physician and social worker prevent the Court from determining whether the plaintiff met the criteria for disability.  Moreover, the plaintiff reported that she was receiving outpatient psychiatric treatment at Morris Heights Hospital.  (R. 157.)  However, those records are also missing from the record.  Thus, remand is warranted to obtain additional medical evidence.  The Commissioner concedes that this case should be remanded to obtain additional medical evidence.

This is not a case where the Court should award benefits rather than remand for the development of the record because the Court cannot determine that the plaintiff is entitled to benefits. See Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999) (Sotomayor, J.) (remanding to the Commissioner for further development of the evidence); Schaal v. Apfel, 134 F.3d 496, 504 (2d Cir. 1998) (citing Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987). The ALJ determined that the plaintiff was not entitled to benefits because, while the plaintiff had severe impairments, the plaintiff was capable of making a successful adjustment to work that existed in substantial numbers in the national economy. (R. 19.) This was based on an analysis of the plaintiff's residual functional capacity, other characteristics, and the testimony of a vocational expert. (R. 18-19.) The plaintiff fails to explain why this conclusion was incorrect. Therefore the record should be developed to determine whether the plaintiff does qualify for DIBs and SSI benefits.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision is **reversed** and this case is remanded to the

Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405 (g).

The Clerk is directed to enter judgment and to close this case.

SO ORDERED.

Dated:   New York, New York
         June 26, 2012

_____
John G. Koeltl
United States District Judge

7